**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DOUGLAS MASTERS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 1:12-cv-0522** |
| **v.** | § | |
| | § | **JURY** |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant") files its Notice of Removal of this action from the 26th District Court, Williamson County, Texas, wherein it is now pending as Cause No. 12-0480-C26, to the United States District Court for the Western District of Texas, Austin Division, the District Court of the United States for the District and Division embracing the place where this action is pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows this Court as follows:

1. On April 27, 2012, Plaintiff Douglas Masters ("Plaintiff") filed "Plaintiff's Original Petition" (the "Petition") in the 26th District Court of Williamson County, Texas styled "*Douglas Masters v. JPMorgan Chase Bank, N.A.*," where it was assigned Cause No. 12-0480-C26 (the "State Court Action").

2. Removal is timely because thirty (30) days have not elapsed since any removing defendant received a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove

begins on the date the summons or citation is served, even if the complaint is received at a prior date). In fact, 30 days have not elapsed since the State Court Action was filed.

3. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be filed with the 26th District Court, Williamson County, Texas, and a copy of this Notice of Removal will also be served on Plaintiff. Attached as Exhibit "A" is an appendix of all documents filed in the State Court Action that identifies each document and indicates the date the document was filed in state court, including the state court docket sheet and all process, pleadings and orders filed or entered in the State Court Action. Defendant has filed contemporaneously with this Notice a civil cover sheet and a separately signed certificate of interested persons and disclosure statement that complies with FED. R. CIV. P. 7.1.

**Ground for Removal: Federal Question**

4. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 in that it arises under the laws of the United States.

5. Specifically, in his Complaint, Plaintiff alleges a cause of action premised on violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Because Plaintiff alleges a claim that arises under federal statutes, this Court has federal question jurisdiction, and removal is proper.

**Ground for Removal: Diversity**

6. Additionally, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States; specifically:

(a) <u>The Amount in Controversy Exceeds the Federal Minimum Jurisdictional Requirements</u>

7. Plaintiff's suit seeks damages for Defendant's alleged violations of the federal Telephone Consumer Protection Act ("TCPA"), the Texas Debt Collection Act, the Texas Deceptive Trade Practices Act, and the Texas Business and Commerce Code.

8. Plaintiff seeks actual damages or statutory damages in the amount of $500 per violation, treble damages, exemplary damages, emotional/mental anguish damages, attorneys' fees, and costs of court. Moreover, Plaintiff specifically seeks $1,500 in treble damages for each alleged violation of the TCPA and the Texas Business and Commerce Code—Plaintiff alleges at least 63 violations of each statute. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

(b) <u>There is Complete Diversity</u>

9. Plaintiff Douglas Masters was, at the time of the filing of this action, has been at all times since, and is still, an individual resident citizen of the State of Texas. For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent there from. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

10. Defendant JPMC is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006). Accordingly, JPMC is a citizen of Ohio.

11. Because the amount in controversy exceeds $75,000 and because Plaintiff is a citizen of Texas while Defendant is not, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

12. There has not been any adjudication on the merits of the petition in the State Court Action that would deprive JPMC of the right of removal. *See Beighley v. Federal Deposit Ins. Corp.*, 868 F.2d 776, 782 (5th Cir. 1989) ("in general, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.'" (*quoting* 1A Moore, Federal Practice p 0.157[9] at 153 (1987)).

WHEREFORE, Defendant JPMorgan Chase Bank, N.A., prays that the above-described action now pending in the 26th District Court, Williamson County, Texas be removed to this Court.

Respectfully submitted,

*/s/ Wm. Lance Lewis*

WM. LANCE LEWIS
Texas Bar No. 12314560
TREYSON J. BROOKS
Texas Bar No. 24061278
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
tbrooks@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of June, 2012, a true and correct copy of the foregoing document was served on Plaintiff's counsel, via certified mail at the address indicated below, return receipt requested, in accordance with the Federal Rules of Civil Procedure.

Dennis R. Kurz
WEISBERG AND MEYERS, LLC
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002

*/s/ Treyson J. Brooks*
Wm. Lance Lewis / Treyson J. Brooks