# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **DOUGLAS MASTERS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **v.** | § | |
| | § | **JURY** |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S INDEX OF DOCUMENTS FILED IN STATE COURT

| No. | Date Filed or Entered | Document |
|---|---|---|
| 1. | N/A | State Court Civil Docket Sheet |
| 2. | 4/27/2012 | Plaintiff's Original Petition |
| 3. | 4/27/2012 | Civil Case Information Sheet |
| 4. | 4/27/2012 | Plaintiff's Letter Requesting Issuance of Citation |
| 5. | 5/11/2012 | Citation and Affidavit of Service |
| 6. | 5/14/2012 | Plaintiff's Letter Requesting Return of Service |

# Exhibit A-1

26TH JUDICIAL DISTRICT COURT

# CASE SUMMARY
## CASE NO. 12-0480-C26

Douglas Masters VS JPMorgan Chase Bank, N.A.

§
§
§
§

Location: **26th Judicial District Court**
Judicial Officer: **Stubblefield, Billy Ray**
Filed on: **04/27/2012**

---

### CASE INFORMATION

Case Type: **Contract - Consumer/Commercial/Debt**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 12-0480-C26 |
| Court | 26th Judicial District Court |
| Date Assigned | 04/27/2012 |
| Judicial Officer | Stubblefield, Billy Ray |

---

### PARTY INFORMATION

*Lead Attorneys*

**Defendant**   **JPMorgan Chase Bank, N.A.**

**Plaintiff**   **Masters, Douglas**
   **Kurz, Dennis R.**
   *Retained*
   512-436-0036 x116(W)

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 04/27/2012 | Original Petition (OCA) *Plaintiff's Original Petition rec'd and signed by Dennis Kurz, atty for plaintiff* | |
| 04/27/2012 | Case Information Sheet *case info sheet rec'd* | |
| 04/27/2012 | Jury Demand *Jury Requested* | |
| 05/15/2012 | Citation *Cit issued to def. and mailed back to atty in SASE* | |
| 05/15/2012 | **Citation** JPMorgan Chase Bank, N.A. Served: 05/30/2012 *Cit issued to def. sent back to atty in SASE* | |
| 05/15/2012 | Miscellaneous *Letter requesting cit with SASE attached* | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

**Plaintiff** Masters, Douglas
Total Charges                                    273.00
Total Payments and Credits                       273.00
**Balance Due as of 6/11/2012**                  **0.00**

*Printed on 06/11/2012 at 2:02 PM*

26TH JUDICIAL DISTRICT COURT

# CASE SUMMARY

### CASE NO. 12-0480-C26

# Exhibit A-2

CAUSE NO. 12-0480-C26

| | | |
|---|---|---|
| DOUGLAS MASTERS, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | 26th JUDICIAL DISTRICT |
| | § | |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| Defendant | § | WILLIAMSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

### A.      Discovery Control Plan

1.      The plaintiff intends that discovery in this case shall be conducted under Level One as set forth in Tex. R.Civ.P. Rule 190.1 because this suit involves only monetary relief totaling $50,000 or less, excluding court costs, prejudgment interest and attorney's fees.

### B.      Preliminary Statement

2.      This is an action for actual and statutory damages for violations of the Texas Debt Collection Act (hereafter the TDCA), Chapter 392, Tex. Fin. Code, the Texas Deceptive Trade Practices Act (hereafter the DTPA), Subchapter E, Chapter 17, Tex. Bus. & Com. Code, the federal Telephone Consumer Protection Act (hereafter the TCPA), 47 U.S.C. § 227, and the similar state law, Tex. Bus. & Com. Code § 305.053.

### C.      Parties

3.      Plaintiff, Douglas Masters ("Plaintiff"), is a natural person residing in Williamson County.

**FILED**
at 11 o'clock A M
Melissa Sheffield
APR 27 2012
Lisa David
District Clerk, Williamson Co., TX.

Plaintiff's Original Petition

4.      Plaintiff is a consumer as defined by Tex. Fin. Code § 392.001(1) and Tex. Bus. & Com. Code § 17.45(4).

5.      Defendant, JPMorgan Chase Bank, N.A. ("Defendant") is an entity who at all relevant times was engaged, by use of telephone, in the business of "debt collection," as defined by Tex. Fin. Code Ann. § 392.001(5).

6.      Defendant is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

### D.      Venue

7.      Venue of this action is proper in the county of suit because all or a substantial part of the events giving rise to the claim occurred in this County.

### E.      Factual Allegations

8.      Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor.

9.      Plaintiff's alleged obligation asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due.

11.      Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor.

12.      Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call

Plaintiff's Original Petition

to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor.

13.   In connection with collection of an alleged debt in default, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 10, 2012 at 8:51 P.M. using an automatic dialing system without Plaintiff's express permission.

14.   In connection with collection of an alleged debt in default, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 15, 2012 at 2:16 P.M. using an automatic dialing system without Plaintiff's express permission.

15.   In connection with collection of an alleged debt in default, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 16, 2012 at 10:54 A.M. using an automatic dialing system without Plaintiff's express permission, and at such time, Defendant asked to speak to "Phillip Noise."

16.   During the conversation on January 16, 2012, Plaintiff informed Defendant that he was not "Phillip Noise," that he did not know anyone named "Phillip Noise" and asked Defendant to cease communications with Plaintiff.

17.   In connection with collection of an alleged debt in default, despite knowledge that Plaintiff was not the consumer Defendant was attempting to reach, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 16, 2012 at 3:40 P.M. using an automatic dialing system without Plaintiff's express permission.

18.   In connection with collection of an alleged debt in default, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 17, 2012 at 5:45 P.M. using an automatic dialing system without Plaintiff's express permission.

Plaintiff's Original Petition

19.     In connection with collection of an alleged debt in default, Defendant placed a non-emergency call to Plaintiff's cellular telephone on January 26, 2012 at 12:42 P.M. using an automatic dialing system without Plaintiff's express permission, and at such time, Defendant again asked to speak to "Phillip Noise."

20.     During the conversation on January 26, 2012, Plaintiff again informed Defendant that he was not "Phillip Noise," that he did not know anyone named "Phillip Noise" and again asked Defendant to cease communications with Plaintiff.

21.     Despite Plaintiff's demand that Defendant cease and desist from placing any and all telephone calls to Plaintiff, and despite having knowledge that Plaintiff was not the debtor with whom Defendant was trying to communicate, Defendant placed additional telephone calls to Plaintiff's cellular telephone number, including, but not limited to, the following dates and times:

    1)  January 27, 2012 at 1:39 P.M.

    2)  January 28, 2012 at 2:23 P.M.

    3)  January 29, 2012 at 10:40 A.M.

    4)  January 30, 2012 at 1:08 P.M.

    5)  January 30, 2012 at 3:55 P.M.

    6)  February 1, 2012 at 10:43 A.M.

    7)  February 1, 2012 at 3:01 P.M.

    8)  February 2, 2012 at 9:56 A.M.

    9)  February 2, 2012 at 2:36 P.M.

    10) February 3, 2012 at 12:31 P.M.

    11) February 6, 2012 at 9:13 A.M.

Plaintiff's Original Petition

12) February 7, 2012 at 9:14 A.M.

13) February 8, 2012 at 2:01 P.M.

14) February 8, 2012 at 7:28 P.M.

15) February 9, 2012 at 8:51 A.M.

16) February 9, 2012 at 3:23 P.M.

17) February 10, 2012 at 9:17 A.M.

18) February 10, 2012 at 2:03 P.M.

19) February 11, 2012 at 10:48 A.M.

20) February 13, 2012 at 9:43 A.M.

21) February 14, 2012 at 8:28 A.M.

22) February 14, 2012 at 12:24 P.M.

23) February 15, 2012 at 4:34 P.M.

24) February 16, 2012 at 9:36 A.M.

25) February 17, 2012 at 9:55 A.M.

26) February 17, 2012 at 4:53 P.M.

27) February 18, 2012 at 1:54 P.M.

28) February 20, 2012 at 8:19 A.M.

29) February 20, 2012 at 11:54 A.M.

30) February 21, 2012 at 10:01 A.M.

31) February 22, 2012 at 9:04 A.M.

32) February 22, 2012 at 2:39 P.M.

33) February 23, 2012 at 8:50 A.M.

34) February 23, 2012 at 2:43 P.M.

Plaintiff's Original Petition

35) February 24, 2012 at 1:51 P.M.

36) February 25, 2012 at 10:26 A.M.

37) February 27, 2012 at 9:34 A.M.

38) February 27, 2012 at 3:17 P.M.

39) February 28, 2012 at 9:43 A.M.

40) February 29, 2012 at 8:40 A.M.

41) March 5, 2012 at 1:52 P.M.

42) March 6, 2012 at 3:14 P.M.

43) March 7, 2012 at 10:49 A.M.

44) March 7, 2012 at 3:44 P.M.

45) March 8, 2012 at 9:54 A.M.

46) March 8, 2012 at 4:38 P.M.

47) March 9, 2012 at 2:50 P.M.

48) March 9, 2012 at 10:06 A.M.

49) March 10, 2012 at 10:50 A.M.

50) March 11, 2012 at 3:37 P.M.

51) March 12, 2012 at 11:15 A.M.

52) March 13, 2012 at 1:06 P.M.

53) March 13, 2012 at 4:44 P.M.

54) March 14, 2012 at 12:52 P.M.

55) March 14, 2012 at 5:35 P.M.

56) March 15, 2012 at 4:21 P.M.

57) April 4, 2012 at 12:36 P.M.

Plaintiff's Original Petition

22.     Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23.     Defendant did not place any telephone calls to Plaintiff for emergency purposes.

24.     Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of a debt.

25.     Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

26.     Upon information and good-faith belief, Defendant placed the telephone calls identified above voluntarily.

27.     Upon information and good-faith belief, Defendant placed the telephone calls identified above under its own free will.

28.     Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

29.     Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

30.     Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

31.     Defendant willfully and knowingly placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the above listed sixty-three (63) calls.

Plaintiff's Original Petition

### F.    Count I--TEX. FIN. CODE § 392.302(4)

32.    Plaintiff repeats and re-alleges each and every allegation above.

33.    Defendant violated TEX. FIN. CODE § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated TEX. FIN. CODE § 392.302(4);

   b)  Awarding Plaintiff injunctive relief pursuant to the TDCA;

   c)  Awarding Plaintiff actual damages pursuant to the TDCA;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)  Awarding such other and further relief as the Court may deem just and proper.

### G.    Count II—DTPA

21.    Plaintiff repeats and re-alleges each and every allegation above.

22.    A violation of the Texas Debt Collection Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. TEX. FIN. CODE. ANN. § 392.404(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, TEX. BUS. COM. CODE, Chapter 17, Subchapter E.

   b)  Awarding Plaintiff injunctive relief, pursuant to TEX. BUS. COM. CODE § 17.50(b)(2).

Plaintiff's Original Petition

    c) Awarding Plaintiff actual damages, pursuant to TEX. BUS. COM. CODE § 17.50(h);

    d) Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. COM. CODE § 17.50(h).

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    g) Awarding such other and further relief as the Court may deem just and proper.

### H.   Count III—47 U.S.C. § 227(b)(1)(A)(iii)

34.    Plaintiff repeats and re-alleges each and every allegation above.

35.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a nonemergency telephone call to Plaintiff's cellular telephone number without Plaintiff's prior express consent.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Enjoining Defendant from continuing its violative behavior, pursuant to 47 U.S.C. § 227(b)(3)(A);

    c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

    d) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

Plaintiff's Original Petition

f) Awarding such other and further relief as the Court may deem just and proper.

## I.   Count IV—TEX. BUS. & COM. CODE § 305.053

36.   Plaintiff repeats and re-alleges each and every allegation above.

37.   Plaintiff received communications originated by Defendant that violated 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX. BUS. & COM. CODE § 305.053;

b) Enjoining Defendant from continuing its violative behavior, pursuant to TEX. BUS. & COM. CODE § 305.053(a)(1);

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to TEX. BUS. & COM. CODE § 305.053(b);

d) Awarding Plaintiff treble damages, pursuant to TEX. BUS. & COM. CODE § 305.053(c), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## J.   Jury Demand

24.   Plaintiff demands a jury trial, and tenders the appropriate fee with this petition.

Plaintiff's Original Petition

## K.   **Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff has judgment of and against Defendant as follows:

a)  a declaratory judgment be entered that Defendant's conduct violated the Texas Deceptive Trade Practices Act;

b)  an award for all actual damages, exemplary damages, emotional/mental anguish damages, all attorneys' fees, costs of court, and pre- judgment and post-judgment interest at the highest lawful rates;

c)  an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally;

d)  injunctive relief;

e)  such other and further relief as may be just and proper.

Plaintiff's Original Petition

### K.   Service of Process

Please issue a citation directed to JPMorgan Chase Bank, N.A., whose corporate address for service is 1111 Polaris Parkway, Columbus, OH 43240.  The petition will be served by a private process server.

Respectfully Submitted,

By: _____
Dennis R. Kurz
Texas Bar No. 24068183
Weisberg and Meyers, LLC
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
Tel.  512-436-0036 ext. 412
Fax  866-565-1327
ATTORNEYS FOR PLAINTIFF

# Exhibit A-3

## Civil Case Information Sheet

Cause Number (*FOR CLERK USE ONLY*): 12-0480-C26 ____ Court (*FOR CLERK USE ONLY*): _____

STYLED Douglas Masters v. JPMorgan Chase Bank, N.A.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name**<br>Dennis R. Kurz<br><br>**Address**<br>Two Allen Center, 1200 Smith<br>St. Floor 16<br>**City/State/Zip**<br>Houston TX 77002<br><br>**Signature**<br>_signature_ | **Email:**<br>dkurz@attorneysforlitigation.com<br><br>**Telephone:**<br>(512) 436-0036<br><br>**Fax:**<br>(866) 317-2674<br><br>**State Bar No:**<br>24065183 | **Plaintiff(s)/Petitioner(s):**<br>Douglas Masters<br><br>**Defendant(s)/Respondent(s):**<br>JPMorgan Chase Bank, N.A.<br><br><br>[Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other:<br><br>**Additional Parties in Child Support Case:**<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional<br>    Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>    List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children<br><br><br><br>**Other Family Law**<br>☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ modification—other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☒ Code Violations<br>☒ Foreign Judgment<br>☐ Intellectual Property | ☒ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☒ Other: | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☒ Garnishment<br>☒ Interpleader<br>☐ License<br>☐ Mandamus<br>☒ Post-judgment | ☐ Prejudgment Remedy<br>☒ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

11 o'clock

APR 27 2012

*Lisa David*
**District Clerk, Williamson Co., TX.**

# Exhibit A-4

# WEISBERG & MEYERS, LLC
## ATTORNEYS FOR CONSUMERS
5025 NORTH CENTRAL AVE, #602
PHOENIX, ARIZONA 85012
602-445-9819
866-775-3666 (TOLL FREE)
866-565-1327 FACSIMILE
ARIZONA OFFICE
WWW.ATTORNEYSFORCONSUMERS.COM

E-MAIL: MNORTON@ATTORNEYSFORCONSUMERS.COM

April 24, 2012

District Court Clerk
P.O. Box 24
Georgetown, TX 78627

Re:  Douglas Masters v. JPMorgan Chase Bank, N.A.

Dear Clerk of Court:

Enclosed please find an original petition to be filed. Please issue a citation directed to JPMorgan Chase Bank, N.A., whose corporate address for service is 1111 Polaris Parkway, Columbus, OH 43240. The petition will be served by a private process server. Enclosed please find $239.00 for the filing fee, citation and jury fee. Please return a file-stamped copy of the petition as well as a citation for service in the enclosed self-addressed stamped envelope.

Should you have any questions or concerns, please do not hesitate to contact me.

Best regards,

Melissa D. Norton
Paralegal

**FILED**
at_____o'clock_____M

APR 27 2012

Lisa David
District Clerk, Williamson Co., TX.

ARIZONA * COLORADO * FLORIDA
NEW MEXICO * NEW YORK * OREGON * TEXAS * WASHINGTON

# Exhibit A-5

## CITATION – PERSONAL SERVICE
### THE STATE OF TEXAS; COUNTY OF WILLIAMSON
#### NO. 12-0480-C26

**DOUGLAS MASTERS VS JPMORGAN CHASE BANK, N.A.**

TO:      JPMorgan Chase Bank, NA
           1111 Polaris Parkway
           Columbus, OH 43240

**DEFENDANT** in the above styled and numbered cause:

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION in the above styled and numbered cause, which was filed on the 27th day of April, 2012 in the 26th Judicial District Court of Williamson County, Texas. This instrument describes the claim against you.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at office on this the 15th day of May, 2012.

ADDRESS OF LEAD ATTORNEY FOR PLAINTIFF:        LISA DAVID, DISTRICT CLERK
Dennis R. Kurz                                  Williamson County, Texas
108 E 46th St                                    P. O. Box 24, 405 M.L.K. Street
Austin TX 78751                             Georgetown, Texas 78627-0024

Jennifer Charette, Deputy

### RETURN OF SERVICE

Came to hand on the _____ day of _____, 20___ at _____ o'clock __ M and executed at _____, within th ..
County of _____, at ____ o'clock __M. on the _____ day of _____, 20___, by delivering to the within
named _____, in person a true copy of this citation, with a true and correct copy of the PLAINTIFF'S
ORIGINAL PETITION attached thereto, having first endorsed on such copy of citation the date of delivery.
* *NOT EXECUTED*, the diligence used to execute being *(show manner of delivery)* _____
_____ ; for the following reason _____
the defendant may be found at _____
*Strike if not applicable.*

**TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY** _____ COUNTY, TEXAS
_____ SHERIFF/CONSTABLE   BY: _____ DEPUTY

**FEE FOR SERVICE OF CITATION : $** _____

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
*In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.*
My name is _____, my date of birth is _____, and my address is _____
    Please print.    (First, Middle, Last)                                        (Street, City, Zip).
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____, 20___

Declarant/Authorized Process Server                        ID # & expiration of certification

**FILED**
at _____ o'clock __ M

**ORIGINAL**

JUN __ __

*Lisa David*
District Clerk, Williamson Co., TX.

**AFFIDAVIT
ATTACHED**

# AFFIDAVIT OF SERVICE

**State of TEXAS**                    **County of WILLIAMSON**                    26th Judicial District Court

Case Number: 12-0480-C26

Plaintiff:
**DOUGLAS MASTERS**
vs.
Defendant:
**JPMORGAN CHASE BANK, N.A.**

Received by Pronto Process - Austin on the 25th day of May, 2012 at 11:19 am to be served on **JPMORGAN CHASE BANK, N.A., 1111 POLARIS PARKWAY, COLUMBUS, OH 43240.** I, _Erika_ _Cremeans_, being duly sworn, depose and say that on the _30_ day of _May_, 20_12_ at _8 :50 A_.m., executed service by delivering a true copy of the **CITATION AND PLAINTIFF'S ORIGINAL PETITION** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____
of the within-named agency.

( ) SUBSTITUTE SERVICE: By _____
(X) CORPORATE SERVICE: By serving _Cindy Hickey_ as _____
_Legal Department_

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____

I am a private process server authorized by local jurisdiction to serve process. I am over the age of twenty-one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the _31st_
day of _May_, _2012_ by the affiant who
is personally known to me.

NOTARY PUBLIC

Jeffrey A. Cremeans
Notary Public, State of Ohio
My Commission Expires 8-14-14

_Erika Cremeans_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Pronto Process - Austin**
**106 E. 6th Street**
**Suite 600**
**Austin, TX 78701**
(512) 472-8777
Our Job Serial Number: 2012001033

**FILED**
at _9_ o'clock _A_ M

JUN 11 2012

_Lisa David_
District Clerk, Williamson Co., TX.

ENT'D

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4g

# Exhibit A-6

# WEISBERG & MEYERS, LLC

**ATTORNEYS FOR CONSUMERS**
5025 NORTH CENTRAL AVE. #602
PHOENIX, ARIZONA 85012
602-445-9819
866-775-3666 (TOLL FREE)
866-565-1327 FACSIMILE
ARIZONA OFFICE
WWW.ATTORNEYSFORCONSUMERS.COM

E-MAIL: MNORTON@ATTORNEYSFORCONSUMERS.COM

May 10, 2012

District Court Clerk
P.O. Box 24
Georgetown, TX 78627

Re:  Douglas Masters v. JPMorgan Chase Bank, N.A.

Dear Clerk of Court:

Enclosed please find a self-addressed stamp envelope, per your request of May 10, 2012.  Please return a citation for service in the enclosed self-addressed stamped envelope.

Should you have any questions or concerns, please do not hesitate to contact me.

Best regards,

Melissa D. Norton
Paralegal

FILED

at _____ o'clock ___M

MAY 14 2012

Lisa David
District Clerk, Williamson Co., TX.

ARIZONA  *  COLORADO  *  FLORIDA
NEW MEXICO  *  NEW YORK  *  OREGON  *  TEXAS  *  WASHINGTON